

AUG 13 2026 PM8:27
FILED-USDC-NDTX-FW


### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| SAMUEL RANDLES, | Civil Action No. 4-26CV-999-P |
| Plaintiff, | |
| v. | |
| EAGLE MOUNTAIN-SAGINAW INDEPENDENT SCHOOL DISTRICT; JON GRADY, individually; and LARRY LANCE, individually, | |
| Defendants. | |

## BRIEF IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION
## FOR TEMPORARY RESTRAINING ORDER

**USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

This brief was prepared using generative artificial intelligence. Plaintiff reviewed and

independently verified the factual assertions, cited authorities, and arguments before filing.

## INTRODUCTION

This request concerns a presently active government command backed by an express arrest threat and renewed police force. EMSISD's printed CTW excludes Plaintiff from every District property, contains no expiration or appeal information, and declares itself effective until written rescission. App. 5. Two years later, Police Captain Jon Grady rejected Education Code § 37.105's maximum duration, wrote that the CTW remained active, and warned that Plaintiff would be arrested at Greenfield 'for that event or any reason.' App. 6. Officer Larry Lance enforced that directive the next day. Verified Compl. ¶¶ 34-37; App. 3-4. Plaintiff now faces the same choice at the August 24 open Board meeting: surrender protected speech and petition or risk another CTW-based seizure. A short, noticed TRO should suspend reliance on that specific document while preserving neutral school-security authority.

## FACTUAL BACKGROUND

1.  The August 8, 2024 CTW is an EMSISD instrument. It states that the Superintendent authorized EMSISD Police to issue it; covers every campus, office, parking area, stadium, bus facility, and District office; requires police scheduling for school business; contains no appeal information; and states that it remains effective until rescinded in writing. Verified Compl. ¶¶ 21-22; App. 2, 5.

2.  Plaintiff used the local grievance route after TEA directed him there. EMSISD dismissed the Level I grievance without the required conference, declared the police CTW unappealable, declined at Level II to restore the omitted review, and never afforded personal Board review. Verified Compl. ¶¶ 28-30; App. 3.

3.  On August 10, 2026, Grady wrote that the CTW did not expire after two years because it cited Penal Code § 30.05, that EMSISD had not rescinded it, and that Plaintiff would be arrested at Greenfield 'for that event or any reason.' Verified Compl. ¶¶ 34-35; App. 3, 6.

4. On August 11, Lance invoked the CTW at Greenfield, blocked the entrance, grabbed Plaintiff's shirt, announced an arrest, and fired a Taser into Plaintiff's back after Plaintiff disengaged and moved away. Verified Compl. ¶¶ 36-37; App. 3-4. The CTW remains unrescinded, and Plaintiff intends to attend and speak at the August 24 open Board meeting and recurring parent activities. Verified Compl. ¶ 38; App. 4.

## LEGAL STANDARD

A TRO applies the preliminary-injunction factors: (1) substantial likelihood of success; (2) substantial threat of irreparable injury; (3) threatened injury outweighing harm from the order; and (4) no disservice to the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 22 (2008); Janvey v. Alguire, 647 F.3d 585, 595 (5th Cir. 2011). Rule 65(d) requires specific terms describing the restrained acts. The proposed order identifies the CTW, the prohibited uses, the limited access, and the neutral rules preserved.

## ARGUMENT

### I. PLAINTIFF IS LIKELY TO SUCCEED ON AT LEAST HIS FIRST AMENDMENT AND PROCEDURAL CLAIMS.

A school-board public-comment period is a limited public forum. Fairchild v. Liberty Independent School District, 597 F.3d 747, 759 (5th Cir. 2010). Restrictions must remain reasonable in light of the forum and viewpoint neutral. Id. Plaintiff's requests for his child's school-activity information, grievances, public-records requests, objections to the CTW, and intended Board comments are protected speech and petition. Verified Compl. ¶¶ 39-42. The CTW excludes him from the Administration Building before he can speak, delegates access to police discretion, and threatens arrest until EMSISD chooses to rescind it.

The document's administration is also inconsistent with the specific safeguards governing a District refusal of entry. Section 37.105 permits designated school officials to exclude a person who refuses to leave peaceably only when the person poses a substantial risk of harm or persists

in identified inappropriate behavior after the required warning. Tex. Educ. Code § 37.105(a). The District must record the warning, provide contemporaneous written appeal information, preserve required parental accommodations, and limit the term to two years. Id. § 37.105(c)-(f). The implementing rule uses the existing grievance process and requires a personal Board opportunity within ninety days unless the appeal is granted earlier. 19 Tex. Admin. Code § 103.1207(h). Penal Code § 30.05 can enforce a current, effective notice when its criminal elements are met; it does not create an independent, perpetual District exclusion system. EMSISD's form instead used the penal label to omit the school-specific grounds, appeal, Board review, and maximum term, then used those omissions as the reason the ban could never be reviewed. That circular procedure substantially supports Counts I and III at this stage.

Municipal causation is also shown preliminarily. The CTW is an official printed District form reciting Superintendent authorization; the grievance administration enforced its no-appeal character; Captain Grady renewed it after two years; and Lance executed it. Verified Compl. ¶¶ 58-61; App. 2-4, 6. Those coordinated official acts plausibly show a District policy, settled custom, or ratification moving the ongoing deprivation. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Jett v. Dallas Independent School District, 7 F.3d 1241, 1245-46 (5th Cir. 1993). A TRO against EMSISD and persons bound under Rule 65(d)(2) does not depend on damages liability through respondeat superior.

## II. THE THREATENED HARM IS IMMEDIATE AND IRREPARABLE.

The injury is current, not conjectural. The CTW remains active; Grady promised arrest for entry 'for any reason'; Lance enforced that command three days ago; and Plaintiff identifies the August 24 Board meeting and recurring activities he intends to attend. App. 3-4, 6. That written policy and recent repeat enforcement establish the real and immediate threat required by City of Los Angeles v. Lyons, 461 U.S. 95, 102, 105-06 (1983).

Missing a scheduled opportunity to speak, petition, participate physically in a child's education, or practice sincere religious parental direction cannot be recreated by a later damages award. The loss of First Amendment freedoms, even briefly, constitutes irreparable injury, and the Fifth Circuit applies that principle to Free Exercise injuries. Elrod v. Burns, 427 U.S. 347, 373 (1976); Opulent Life Church v. City of Holly Springs, 697 F.3d 279, 295 (5th Cir. 2012). The renewed risk of arrest and force independently reinforces the need for short interim relief.

## III. THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR THE NARROW ORDER.

The proposed TRO disables only the 2024 CTW as an enforcement basis. It preserves identification, visitor screening, scheduling, neutral safety rules, valid court orders, and enforcement of generally applicable law based on current independent conduct. EMSISD therefore retains every legitimate tool needed to protect students and staff. Plaintiff otherwise faces arrest, renewed force, or forfeiture of scheduled constitutional activity. Constitutional compliance and school safety both favor a rule tied to current conduct and neutral safeguards rather than a permanent unreviewable document.

## IV. SECURITY SHOULD BE WAIVED.

Rule 65(c) leaves the amount of security to the Court's discretion, including no security when appropriate. Kaepa, Inc. v. Achilles Corp., 76 F.3d 624, 628 (5th Cir. 1996). The requested order creates no measurable monetary risk, Plaintiff is seeking leave to proceed in forma pauperis, and the order preserves ordinary safety enforcement. The Court should waive security or set it at zero.

## CONCLUSION

The Court should enter the proposed fourteen-day TRO, set an expedited response and hearing, and preserve the preliminary-injunction motion for the earliest practicable determination.

Respectfully submitted,
/s/ Samuel Randles          *Sam Randles*
Samuel Randles, Pro Se
5001 SH-114E, Apt. 1313
Roanoke, Texas 76262
Telephone: 214-250-6187
Email: randles.sam@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 13, 2026, I served a true and correct copy of this motion and any

attachments on Defendants (or counsel of record) by USPS certified mail at their respective

service addresses.

/s/ Samuel Randles          *Sam Randles*

Samuel Randles