



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| SAMUEL RANDLES, | Civil Action No. _____ |
| Plaintiff, | **4-26CV-999-P** |
| v. | |
| EAGLE MOUNTAIN-SAGINAW INDEPENDENT SCHOOL DISTRICT; JON GRADY, individually; and LARRY LANCE, individually, | |
| Defendants. | |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, EXPEDITED RULE 65 DISCOVERY, AND EXPEDITED HEARING

1. Plaintiff moves under Federal Rules of Civil Procedure 26(d)(1) and 65(a) for a preliminary injunction suspending the August 8, 2024 CTW through final judgment, narrow expedited discovery directed to the CTW and its August 2026 enforcement, and an expedited evidentiary hearing.

2. Plaintiff requests a preliminary injunction that:

   (a) suspends the CTW and restrains EMSISD and persons bound under Rule 65(d)(2), upon actual notice, from relying on it to refuse entry, eject, arrest, detain, cite, seize, use force against, or threaten Plaintiff;

   (b) requires EMSISD to mark every District record or enforcement database carrying the CTW as 'SUSPENDED BY FEDERAL COURT ORDER - DO NOT ENFORCE' and to transmit that interim notice to the Board, Superintendent, EMSISD Police, Greenfield administrators, records custodians, and every identifiable recipient expected to enforce the CTW;

   (c) permits Plaintiff physical access to open Board meetings, scheduled parent conferences and events, school activities open to similarly situated parents, and arranged inspections of educational records and instructional materials, subject to neutral identification, visitor, scheduling, and safety rules and any valid operative court order;

(d) requires an interim written access procedure and administrative contact that do not condition entry on the challenged CTW or unreviewed police discretion;

(e) restrains EMSISD from using Penal Code § 30.05 labeling to continue or enforce a District refusal-of-entry decision governed by Education Code § 37.105 without the current statutory grounds, recorded warning when required, contemporaneous appeal information, parental accommodations, Board-review opportunity, and maximum statutory duration; and

(f) preserves authority to enforce generally applicable law, neutral safety rules, valid court orders, and any new individualized restriction based on current conduct after adequate notice and process.

3. For the Rule 65 hearing, Plaintiff requests limited expedited discovery requiring EMSISD to produce within seven days: (a) the CTW and any current database entry; (b) all August 7-11, 2026 directives, emails, reports, body-camera recordings, dispatch records, and use-of-force records concerning Plaintiff; (c) the operative GKA, FNG, and CTW policies, forms, delegations, and training materials; (d) records of any rescission, renewal, review, or appeal of Plaintiff's CTW; and (e) the identities of persons or systems to which EMSISD communicated that the CTW remained active after August 8, 2026.

4. Good cause exists under Rule 26(d)(1) because those materials are narrow, uniquely within Defendants' possession, directly relevant to the pending Rule 65 factors, and necessary before an evidentiary hearing. Plaintiff requests no merits-wide discovery through this motion.

5. The accompanying brief and appendix show a substantial likelihood of success, imminent and irreparable constitutional harm, equities favoring neutral conditioned access, and a public interest in both school safety and lawful process.

6. Plaintiff requests waiver of security or security of zero because the requested order imposes no measurable monetary risk and preserves ordinary safety and law-enforcement authority.

WHEREFORE, Plaintiff requests the preliminary injunction, limited discovery, expedited hearing, and further relief stated above.

Respectfully submitted,
/s/ Samuel Randles     *Sam Randles*
Samuel Randles, Pro Se
5001 SH-114E, Apt. 1313
Roanoke, Texas 76262
Telephone: 214-250-6187
Email: randles.sam@gmail.com

## CERTIFICATE OF CONFERENCE

Pursuant to N.D. Tex. Local Civ. R. 7.1(b), Plaintiffs certify that this is the initial filing, there is no possible way to engage conference Defendants have not agreed to the requested relief.

## CERTIFICATE OF SERVICE

I certify that on August 13, 2026, I served a true and correct copy of this motion and any attachments on Defendants (or counsel of record) by USPS certified mail at their respective service addresses.

/s/ Samuel Randles     *Sam Randles*
Samuel Randles