ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

 AUG 13 2026 PM3:26
FILED-USDC-NDTX-FW

| | |
|---|---|
| SAMUEL RANDLES,<br><br>  Plaintiff,<br><br>v.<br><br>EAGLE MOUNTAIN-SAGINAW<br>INDEPENDENT SCHOOL DISTRICT;<br>JON GRADY, individually; and<br>LARRY LANCE, individually,<br><br>  Defendants. | Civil Action No. _____<br><br>4-26CV-999-P |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, EXPEDITED RULE 65 DISCOVERY, AND EXPEDITED HEARING**

**USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**
This brief was prepared using generative artificial intelligence. Plaintiff reviewed and independently verified the factual assertions, cited authorities, and arguments before filing.

## INTRODUCTION

The evidence presents a continuing District policy, not a completed historical event. EMSISD's official CTW excludes Plaintiff from every District property until EMSISD rescinds it. App. 5. The local review route ended without the required Level I conference or personal Board review. Verified Compl. ¶¶ 28-30; App. 3. After the statutory two-year maximum, Police Captain Jon Grady expressly renewed the arrest threat because the form cited Penal Code § 30.05 rather than Education Code § 37.105. App. 6. Officer Larry Lance enforced that policy the next day through physical seizure and Taser force. App. 3-4. The Court should suspend the CTW, preserve neutral school-security rules, establish interim access and notice, and permit narrow discovery needed for an expedited Rule 65 hearing.

## LEGAL STANDARD

A preliminary injunction requires a substantial likelihood of success, a substantial threat of irreparable injury, a favorable balance of harms, and consistency with the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 22 (2008); Janvey v. Alguire, 647 F.3d 585, 595 (5th Cir. 2011). A mandatory injunction is disfavored and should issue only when facts and law clearly favor the movant. Martinez v. Mathews, 544 F.2d 1233, 1243 (5th Cir. 1976). Most requested relief is prohibitory: it suspends reliance on one challenged document. The limited affirmative terms restore neutral access and notice while preserving generally applicable security measures.

## ARGUMENT

### I. PLAINTIFF HAS SHOWN A SUBSTANTIAL LIKELIHOOD OF SUCCESS.

#### A. The CTW and its no-appeal administration burden protected Board speech and petition.

When a school board opens a public-comment period, it creates a limited public forum governed by reasonableness and viewpoint neutrality. Fairchild v. Liberty Independent School District,

597 F.3d 747, 759 (5th Cir. 2010). Plaintiff's grievances, records requests, objections to District conduct, and intended Board comments are protected speech and petition. Verified Compl. ¶ 39. The CTW acts before any speech occurs: it excludes Plaintiff from the Administration Building, conditions every visit on police permission, and threatens arrest until discretionary rescission. App. 2-3, 5-6. The policy is not a time, place, and manner rule tied to current conduct; it is a District-wide, indefinite prior restraint on access to the opened forum.

**B. The statutory framework makes the label-based permanent exclusion objectively unreasonable.**

Section 37.105 identifies the conditions under which a school administrator, school resource officer, or district peace officer may refuse entry to District property: refusal to leave peaceably plus either a substantial risk of harm or persistence in identified inappropriate school-setting behavior after the required warning. Tex. Educ. Code § 37.105(a). The statute requires a warning record, written appeal information at exclusion, specified parental accommodations, and a term no longer than two years. Id. § 37.105(c)-(f). The Commissioner's rule requires the existing grievance process and an opportunity to address the Board personally within ninety days unless relief is granted earlier. 19 Tex. Admin. Code § 103.1207(h).

Penal Code § 30.05 remains available when the elements of criminal trespass are met. But a penal heading cannot give a District exclusion more governmental authority than the school officials' underlying decision. The CTW recites Superintendent authorization and District-wide control, then omits an expiration and appeal. App. 5. Grady's August 10 email made the circumvention explicit: he declared the CTW active after two years precisely because it was labeled § 30.05 rather than § 37.105. App. 6. That is the same District exclusion, administered by the same District police, over the same District property, stripped of the safeguards Texas enacted for that decision.

**C. The policy burdens sincere religious parental direction and physical educational participation.**

Plaintiff declares a sincere Christian obligation to direct his children's moral and religious upbringing through knowledge of what they are taught, review of materials, communication with teachers, and physical participation in parent conferences and school activities. Verified Compl. ¶¶ 33, 43-45; App. 2, 5. The Supreme Court recognizes that a public-school policy can burden parents' own Free Exercise rights when it interferes with their religious direction of their children. Mahmoud v. Taylor, 606 U.S. 522, 535-46 (2025). The all-property ban, refusal of direct communication, and police-controlled access burden that practice at the place where the education occurs without a current individualized finding.

Meadows v. Lake Travis Independent School District does not authorize this regime. 397 F. App'x 1, 3-4 (5th Cir. 2010). Meadows involved a neutral identification-screening rule applied to every visitor; the parent still met teachers in the office; and the court rejected a demand for unrestricted access to secure student areas. Plaintiff requests no unrestricted access. The proposed injunction expressly preserves identification, screening, scheduling, neutral safety rules, and valid court orders while preventing reliance on one perpetual, unreviewable CTW.

**D. EMSISD policy and current enforcement supply municipal causation and prospective standing.**

The CTW is an official printed District instrument reciting Superintendent authorization. App. 5. Waters enforced its unappealable character through the District grievance system; Level II left the CTW active without restoring omitted review; Grady administered and renewed it after two years; and Lance enforced it. Verified Compl. ¶¶ 29-30, 58-61; App. 3-4, 6. These acts support an official policy, settled custom, or ratification that moved the constitutional injuries. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Jett v. Dallas Independent School District, 7 F.3d 1241, 1245-46 (5th Cir. 1993).

Prospective standing is equally concrete. An active written policy, Grady's express threat, the August 11 repeat enforcement, and Plaintiff's identified August 24 and recurring activities create a real and immediate threat of repeated injury. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 105-06 (1983). The injunction runs primarily against EMSISD and persons bound under Rule 65(d)(2); municipalities possess no qualified immunity from § 1983 liability. Owen v. City of Independence, 445 U.S. 622, 638 (1980).

## II. PLAINTIFF FACES SUBSTANTIAL AND IRREPARABLE INJURY.

The next identified injury arrives before ordinary briefing can finish. Plaintiff intends to speak and petition at the August 24 Board meeting and to attend recurring parent activities. App. 4. The policy forces him to abandon those events or face the arrest Grady promised and the force Lance recently used. App. 3-4, 6. Lost speech, religious exercise, and nonrepeatable educational and parental experiences cannot be restored through damages. Elrod v. Burns, 427 U.S. 347, 373 (1976); Opulent Life Church v. City of Holly Springs, 697 F.3d 279, 295 (5th Cir. 2012).

## III. THE EQUITIES AND PUBLIC INTEREST FAVOR CONDITIONAL ACCESS AND CURRENT-CONDUCT RULES.

EMSISD identifies no legitimate harm from suspending reliance on a two-year-old document while retaining every neutral visitor rule, identification check, scheduling requirement, current safety measure, valid court order, and generally applicable law. Plaintiff faces arrest, force, and irretrievable constitutional loss without relief. The public interest favors constitutional government and safe schools; the proposed order serves both by tying exclusion and enforcement to current facts, neutral procedures, and reviewable decisions.

## IV. LIMITED EXPEDITED DISCOVERY IS NECESSARY FOR THE RULE 65 HEARING.

Rule 26(d)(1) permits discovery before the Rule 26(f) conference by court order. Good cause is present because EMSISD exclusively controls the current CTW entry, enforcement directives,

body camera and dispatch materials, governing policies and delegations, and records identifying who may enforce the CTW. Those five narrow categories bear directly on policy, current threat, credibility, scope, and the terms of any injunction. Seven-day production will permit a focused hearing without opening merits-wide discovery.

## V. SECURITY SHOULD BE WAIVED.

The Court has discretion to set no security. Kaepa, Inc. v. Achilles Corp., 76 F.3d 624, 628 (5th Cir. 1996). The order poses no measurable monetary loss, Plaintiff seeks in forma pauperis status, and ordinary security and law enforcement remain intact. Security should be waived or set at zero.

## CONCLUSION

The Court should enter the proposed preliminary injunction, order the limited seven-day production, and set the earliest practicable evidentiary hearing.

Respectfully submitted,
/s/ Samuel Randles       *Sam Randles*
Samuel Randles, Pro Se
5001 SH-114E, Apt. 1313
Roanoke, Texas 76262
Telephone: 214-250-6187
Email: randles.sam@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 13, 2026, I served a true and correct copy of this motion and any attachments on Defendants (or counsel of record) by USPS certified mail at their respective service addresses.

/s/ Samuel Randles       *Sam Randles*
Samuel Randles