**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

SAMUEL RANDLES,
Plaintiff,

Civil Action No. 4:26-cv-00999-P-BJ

v.

EAGLE MOUNTAIN-SAGINAW
INDEPENDENT SCHOOL DISTRICT;
JON GRADY; and LARRY LANCE,
Defendants.

---

**PLAINTIFF'S MOTION AND BRIEF TO DISQUALIFY DISTRICT JUDGE MARK T. PITTMAN UNDER 28 U.S.C. § 455(a), REQUEST FOR JUDICIAL NOTICE, AND REQUEST FOR REASSIGNMENT**

## USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

Plaintiff discloses that this brief was prepared with assistance from a generative artificial intelligence tool. Plaintiff reviewed the cited record and authorities and accepts responsibility for the filing's accuracy and contents.

## INTRODUCTION AND RELIEF REQUESTED

Plaintiff Samuel Randles respectfully moves under 28 U.S.C. § 455(a) for the disqualification of District Judge Mark T. Pittman, reassignment through the Court's ordinary procedures, and suspension of further merits rulings until reassignment. Plaintiff invokes § 455(a)'s objective appearance standard. He does not rely on 28 U.S.C. § 144 or ask the Court to infer actual bias merely from an adverse ruling.

The record presents a concrete extrajudicial basis tied directly to Plaintiff. Plaintiff and Conghua Yan are co-plaintiffs in *Samuel Randles, Kaitlan Ross, Patrick Wayne Tuter, and Conghua Yan v. Jimmy Blacklock, et al.*, No. 4:25-cv-01422-O, in which David L. Evans is a named defendant. ECF No. 15 at 1. That alignment is not incidental: the related action challenges

conduct affecting Plaintiff's own family proceeding, and ECF No. 15 identifies Evans's post-filing assignments and alleged retaliatory exercise of administrative authority in that proceeding. ECF No. 15 at 2-3.

The original Notice identified the related federal action by its complete style and case number. ECF No. 9. That disclosure placed the action, its parties, and the relationships implicated by it before the Court. ECF No. 15 states expressly that the Court was fully aware of the players and the significance of the related action upon the initial filing. ECF No. 15 at 1-2. Section 455(a)'s appearance inquiry therefore begins with the established record that Plaintiff and Yan were jointly litigating against Evans when this action was assigned and when the Court exercised immediate merits authority.

A verified motion filed February 24, 2026, in *Yan v. State Bar of Texas, et al.*, No. 4:23-cv-00758-Y, ECF No. 215, identifies specific extrajudicial ties between Judge Pittman and Evans. App. 2-11. Those sworn assertions include that Evans administered Judge Pittman's federal oath of office; Judge Pittman led fundraising for a permanent endowed scholarship honoring Evans and publicly praised him; Judge Pittman repeatedly appointed Evans as mediator in federal matters; and the two served concurrently in overlapping Tarrant County judicial institutions while Evans held regional administrative authority. App. 3-5, 8-9, 11. Considered cumulatively with Plaintiff's status as Yan's co-plaintiff against Evans and Evans's alleged continuing conduct adverse to Plaintiff, those facts would cause a reasonable, fully informed observer to question impartiality.

**TIMELINESS AND RELEVANT RECORD**

Plaintiff filed this action, the verified complaint, and the original Notice of Related Case on August 13, 2026. ECF Nos. 1, 9. The original Notice identified the related federal action by complete style and case number and thereby disclosed that Plaintiff and Yan were co-plaintiffs in

litigation naming Evans as a defendant. ECF No. 9. That disclosure preserved the relationship issue at the inception of this case.

On August 14, 2026, less than twenty-four hours after filing, before any Defendant appeared, and before summonses had issued, the Court denied Plaintiff's Emergency Motion for Temporary Restraining Order. ECF No. 13. The speed and sequence of that ruling are relevant context because the Court exercised immediate merits authority after receiving the related-case disclosure and before the ordinary adversarial process began. The statutory ground remains the extrajudicial relationship and the objective appearance created by the disclosed alignment of Plaintiff, Yan, and Evans.

On August 16, 2026, Plaintiff filed the Amended Notice of Related Case, which states expressly the parties and assignment history already evident from the named action and preserves those understood facts in this docket. ECF No. 15 at 1-3. This motion follows immediately, before any Defendant has appeared, and asks that the § 455(a) issue be resolved before additional merits rulings.

**EVIDENTIARY BASIS AND REQUEST FOR JUDICIAL NOTICE**

Plaintiff requests judicial notice under Federal Rule of Evidence 201 of the existence, filing date, caption, docket number, verification, and contents of ECF No. 215 in *Yan v. State Bar of Texas, et al.*, No. 4:23-cv-00758-Y. The docket-stamped filing is reproduced at Appendix pages 2 through 11. App. 2-11. It is a public record on this Court's own CM/ECF docket, is identified by exact case and docket number, and contains Yan's verification under 28 U.S.C. § 1746. App. 11. Plaintiff invokes the verified filing for the relationship facts it states from personal knowledge and invokes ECF No. 15 for the presently filed record connecting Plaintiff, Yan, and Evans.

The earlier Yan motion concerning Magistrate Judge Jeffrey L. Cureton, ECF No. 116, was denied because it attacked prior judicial language and rulings rather than identifying a statutory extrajudicial basis. *Yan v. State Bar of Texas, et al.*, No. 4:23-cv-00758-P, ECF No. 118 at 6-8 (N.D. Tex. Dec. 13, 2023). This motion is materially different: it relies on identified extrajudicial relationships and uses ECF No. 13 only to explain timing and the need to direct any reconsideration request to a reassigned judge.

**GOVERNING STANDARD**

Section 455(a) provides that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test is objective: whether a reasonable and well-informed observer, aware of all relevant circumstances, would harbor doubts about impartiality. *Andrade v. Chojnacki*, 338 F.3d 448, 454-55 (5th Cir. 2003); *United States v. Jordan*, 49 F.3d 152, 155-56 (5th Cir. 1995). The statute protects public confidence in the judiciary and does not require proof of actual bias. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860-61 (1988); *Hall v. Small Business Administration*, 695 F.2d 175, 178-79 (5th Cir. 1983).

Judicial rulings alone almost never supply a valid basis for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nor does ordinary professional acquaintance or membership in the same bar association automatically require recusal. But the Court must evaluate the cumulative circumstances rather than isolate each relationship and disregard the whole. *Jordan*, 49 F.3d at 157-58. A judge has a duty not to recuse without an objective basis, but § 455(a)'s mandatory command controls when the informed-observer standard is met.

**ARGUMENT**

**A. The verified extrajudicial connections are concrete and cumulative.**

The verified Yan filing does not rest on a single bar membership or ceremonial encounter. It identifies a combination of personal, public, professional, and institutional acts: Evans administered Judge Pittman's federal oath; Judge Pittman led and publicly promoted a permanent scholarship honoring Evans; Judge Pittman repeatedly selected Evans for mediator appointments; and their state judicial service overlapped while Evans exercised regional administrative authority. *Yan v. State Bar of Texas, et al.*, No. 4:23-cv-00758-Y, ECF No. 215; App. 3-5, 8-9, 11.

An oath ceremony, scholarship effort, mediator appointment, or shared institutional service might be explained in isolation as professional convention. Section 455(a), however, asks what a reasonable observer would conclude from all known circumstances. The cumulative pattern reflects exceptional trust, public esteem, repeated professional selection, and institutional connection—not merely casual acquaintance.

**B. The appearance concern extends to Plaintiff through the shared federal action against Evans.**

Section 455(a) is not confined to bias concerning a person whose name appears in the current caption. In *United States v. Jordan*, the Fifth Circuit required recusal based on the judge's relationship with a nonparty whose dispute with the defendant was materially involved in the matter before the court. 49 F.3d 152, 157-58 (5th Cir. 1995). The controlling question is how the full relationship would appear to a reasonable, well-informed observer.

Here, Plaintiff and Yan are co-plaintiffs in the same federal action against Evans. ECF No. 15 at 1. The Court had that action before it by complete style and case number upon the initial filing. ECF No. 9. A reasonable observer could question whether a judicial relationship affecting the Court's posture toward Yan or Evans would also affect Randles, who stands beside

Yan as a co-plaintiff asserting claims against Evans. The appearance does not stop at the caption line of the present action when the disclosed litigation alignment directly joins all three persons.

Evans is also alleged to be continuing conduct adverse to Plaintiff personally. ECF No. 15 records that, after the related federal suit was filed, Evans selected Senior Judge Ray Wheless and reassigned Senior Judge Crawford R. "Randy" Catterton in Plaintiff's family proceeding, actions Plaintiff alleges were retaliatory and placed adjudicative authority with officials implicated in the related suit. ECF No. 15 at 2-3. Evans is therefore neither remote nor peripheral to Plaintiff. His conduct forms part of the continuing factual setting linking the related federal action, the family proceeding, and the school-related consequences described in this case.

**C. This motion does not rely on the TRO denial as proof of bias.**

ECF No. 13 is relevant because it shows that the Court exercised merits-adjacent authority less than twenty-four hours after filing, before summonses issued and before any Defendant appeared, notwithstanding the related-case disclosure already before it. The ruling's substance is not the statutory ground. Under *Liteky*, the ground remains the extrajudicial relationship evidence; the ruling supplies procedural context and confirms the need to resolve disqualification before reconsideration and further Rule 65 proceedings.

Recusal now would avoid compounding the issue. It would permit a newly assigned judge to determine any reconsideration request, the pending preliminary-injunction motion, and future merits matters without the appearance concern following every ruling.

**D. Reassignment through ordinary procedures is the narrow remedy.**

Plaintiff does not seek to select the successor judge or to disqualify a class of judges categorically. He requests reassignment under the Clerk's ordinary procedures, with any newly assigned judge independently applying § 455 as required. That remedy preserves institutional

neutrality and leaves all substantive questions—including whether ECF No. 13 should be reconsidered—to the successor judge.

**PRAYER**

Plaintiff respectfully requests that the Court: (1) grant this motion under 28 U.S.C. § 455(a); (2) disqualify District Judge Mark T. Pittman from further participation; (3) direct reassignment through the Court's ordinary procedures; (4) suspend further merits rulings until reassignment; and (5) leave any reconsideration of ECF No. 13 and all pending Rule 65 matters to the newly assigned judge. Plaintiff requests all other just relief.

Dated: August 16, 2026

Respectfully submitted,

/s/ Samuel Randles

**Samuel Randles, Pro Se**
5001 SH-114E, Apt. 1313
Roanoke, Texas 76262
Telephone: 214-250-6187
Email: randles.sam@gmail.com

**CERTIFICATE OF CONFERENCE**

No conference was possible. No Defendant has appeared through counsel. On August 16, 2026, Plaintiff transmitted the filed Rule 65 papers to EMSISD, Jon Grady, Larry Lance, and an EMSISD counsel contact and requested identification of counsel authorized to respond. No attorney has entered an appearance authorized to confer regarding this motion. The motion should therefore be treated as opposed under Local Civil Rule 7.1(b).

**NOTICE AND SERVICE STATUS**

Defendants have not appeared, the Court has not yet issued the summonses submitted with the complaint, and formal Rule 4 service therefore has not been completed. Plaintiff is contemporaneously transmitting this motion and proposed order by email to EMSISD, Jon

Grady, Larry Lance, and the known EMSISD counsel contact, providing actual notice of the requested relief. When the Court issues the summonses, Plaintiff will complete Rule 4 service and include this motion with the papers delivered to each Defendant.