**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

SAMUEL RANDLES,

Plaintiff,

v.

EAGLE MOUNTAIN-SAGINAW
INDEPENDENT SCHOOL DISTRICT;
JON GRADY; and LARRY LANCE,

Defendants.

Civil Action No.
4:26-cv-00999-P-BJ

## PLAINTIFF'S EXPEDITED MOTION AND BRIEF UNDER RULE 54(b) TO RECONSIDER ECF NO. 13 AND REQUEST FOR ADVERSARIAL REVIEW AFTER RESOLUTION OF ECF NO. 16

### USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

This motion and brief were prepared with assistance from a generative artificial intelligence tool. Plaintiff reviewed the cited record and authorities and accepts responsibility for the filing's accuracy and contents.

### INTRODUCTION AND RELIEF REQUESTED

Plaintiff Samuel Randles moves under Federal Rule of Civil Procedure 54(b) for reconsideration of the August 14, 2026 Order denying his noticed request for a temporary restraining order. ECF No. 13. The Order states that ECF No. 3 did not specify whether Plaintiff sought ex parte relief and that Plaintiff "completely failed to discuss the issue of notice." ECF No. 13 at 1-2. ECF No. 3 expressly stated twice that it was filed on notice and that Plaintiff did not request relief without notice. ECF No. 3 at 1, 3. On August 16, Plaintiff then transmitted the filed Rule 65 papers directly to EMSISD, Jon Grady, Larry Lance, and EMSISD's known outside-counsel contact and requested their positions. App. 2-3.

Plaintiff also filed a motion under 28 U.S.C. section 455(a) requesting disqualification, reassignment, and suspension of further merits rulings. ECF No. 16. Plaintiff therefore requests that the disqualification issue be resolved first and that any reconsideration of ECF No. 13 be decided by the reassigned judge if ECF No. 16 is granted. This motion does not ask for ex parte relief.

Plaintiff requests that the Court: (1) defer merits disposition of this motion until ECF No. 16 is resolved; (2) upon reassignment if ECF No. 16 is granted, reconsider and vacate ECF No. 13; (3) recognize that ECF No. 3 sought noticed relief; (4) order an expedited response permitting decision before the August 24, 2026 Board meeting; (5) conduct the earliest practicable adversarial hearing or decide the renewed request on the parties' written submissions; and (6) preserve the pending preliminary-injunction motion, ECF No. 5, for prompt determination.

## I. RULE 54(b) GOVERNS THE INTERLOCUTORY ORDER

The denial of temporary injunctive relief did not end the action or adjudicate all claims and liabilities. Rule 54(b) therefore permits revision before final judgment. The Rule 54(b) standard is less stringent than Rule 59(e): a district court may reconsider an interlocutory decision for any reason it deems sufficient, even without new evidence or an intervening change in law. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Reconsideration is warranted because ECF No. 13 applied the ex parte-notice analysis to a motion that expressly rejected ex parte treatment, and because the record now contains direct written notice and a request for Defendants' positions.

## II. ECF NO. 3 EXPRESSLY SOUGHT NOTICED RELIEF

The Order states that Plaintiff's request "does not specify whether he wishes to proceed ex parte, or whether notice has been provided to Defendant" and that Plaintiff "completely failed to discuss the issue of notice." ECF No. 13 at 1-2. The filed motion states:

> **Paragraph 1:** *"Plaintiff Samuel Randles moves on notice under Federal Rule of Civil Procedure 65(b)."*
>
> **Paragraph 7:** *"Plaintiff is filing this motion on notice. He does not request relief without notice and will promptly deliver the motion, brief, and appendix to each Defendant and any counsel who appears."*

ECF No. 3 at 1, 3. Rule 65(b)(1)(B)'s certification of the reasons why notice should not be required applies when a movant asks the Court to issue a TRO without written or oral notice. Plaintiff asked for the opposite procedure. The absence of a request to dispense with notice was therefore not a defect in the noticed relief actually requested.

The Court could require proof that notice had been completed, set an abbreviated response, or deny relief on the injunction factors. But the record should not treat ECF No. 3 as silent or ambiguous about whether Plaintiff requested ex parte action. Correcting that material record error warrants reconsideration under Rule 54(b).

## III. THE AUGUST 16 TRANSMISSION SUPPLIES THE NOTICE RECORD

At 4:02 p.m. on August 16, 2026, Plaintiff emailed docket-stamped copies of ECF Nos. 1 and 3-7 to EMSISD's superintendent contact at jhollingsworth@ems-isd.net, to Defendant Grady at jgrady@ems-isd.net, to Defendant Lance at llance@ems-isd.net, and to Dean Micknal at Leasor Crass, EMSISD's known outside-counsel contact. App. 2-3. The email expressly identified the Rule 65 requests, requested confirmation of receipt, requested each Defendant's

position, invited opposition, and stated that formal service under Rule 4 would proceed separately. App. 2-3.

The transmission is offered as evidence that direct written notice of the Rule 65 applications and an opportunity to respond were provided. Plaintiff does not contend that the email itself completed service of the summons and complaint under Rule 4. Nor does Plaintiff contend that issuance of summons was a prerequisite to the Court's authority to deny the TRO. The relevant point is narrower: the relief requested was noticed relief, and Plaintiff transmitted the filed application and supporting record eight days before the identified August 24 Board meeting.

## IV. THE FILED BRIEF AND SWORN APPENDIX ADDRESSED EACH FACTOR

ECF No. 13 alternatively states, in one sentence, that the motion and brief "fail to satisfy all four requirements." ECF No. 13 at 2. The filed brief and sworn appendix addressed each element. ECF Nos. 4, 7. Reconsideration permits evaluation of the actual showings rather than a conclusion that they were omitted.

### A. Substantial likelihood of success

The brief identified a school-board public-comment period as a limited public forum and applied the requirement of reasonable, viewpoint-neutral restrictions. ECF No. 4 at 3-4; *Fairchild v. Liberty Independent School District*, 597 F.3d 747, 759 (5th Cir. 2010). It also applied Texas Education Code section 37.105's grounds, warning, appeal, parental-accommodation, and maximum-duration requirements to an EMSISD instrument that states it continues until written rescission. ECF No. 4 at 3-4; ECF No. 7 at 5-6. The requested order did not seek unrestricted access: it suspended reliance on the challenged 2024 CTW while preserving neutral screening, scheduling, safety rules, valid court orders, and enforcement based on current independent conduct. ECF No. 3 at 1-2.

**B. Present and irreparable injury**

The sworn record identified a current and repeated threat: Captain Grady wrote on August 10 that the CTW remained active and that Plaintiff would be arrested at Greenfield "for that event or any reason"; Plaintiff declared that Lance invoked the same CTW and used Taser force on August 11; the CTW remains unrescinded; and Plaintiff identified the August 24 open Board meeting and recurring parent activities he intends to attend. ECF No. 7 at 2-4, 7-8. Those facts address the presently existing actual-threat requirement. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 105-06 (1983). The loss of First Amendment freedoms, even briefly, is irreparable. *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012).

**C. Balance of equities, public interest, and security**

The requested TRO disabled only the August 8, 2024 CTW as an enforcement basis. It preserved identification requirements, visitor screening, scheduling, neutral safety rules, valid court orders, and generally applicable enforcement based on current independent conduct. ECF No. 3 at 1-2; ECF No. 4 at 5. That narrow relief protects against repeated arrest or force without disabling school security. The brief also requested waiver or a zero bond because the proposed order created no identified monetary risk and Plaintiff had sought leave to proceed in forma pauperis. ECF No. 4 at 5.

The Court may ultimately disagree with one or more showings after adversarial review. But the record did not omit the four factors, sworn evidence, tailoring, or security. Reconsideration should evaluate the noticed request and permit a response targeted to those showings.

## V. AN EXPEDITED ADVERSARIAL SCHEDULE ADDRESSES THE NOTICE CONCERN

Plaintiff does not ask the Court to restrain Defendants before they can be heard. He asks for a response within forty-eight hours, or another abbreviated period set by the Court, followed by the earliest practicable hearing or decision on the written record. Plaintiff transmitted the filed Rule 65 papers to Defendants and EMSISD's known outside-counsel contact on August 16. App. 2-3. A short response schedule directly addresses the concern expressed in ECF No. 13 while preserving the possibility of meaningful review before the August 24 meeting.

The fact that summonses had not issued when ECF No. 13 was entered is relevant to the abbreviated procedural sequence, but Plaintiff does not present it as an independent defect in the denial. Rule 4 service remains separate. The requested remedy is adversarial reconsideration on the actual record after resolution of disqualification.

## VI. ECF NO. 16 SHOULD BE RESOLVED BEFORE THIS MOTION

ECF No. 15 expressly identified David L. Evans and the other defendants in the related federal action and clarified the related family-court assignment history. ECF No. 16 then moved under 28 U.S.C. section 455(a) to disqualify Judge Mark T. Pittman, requested judicial notice, and requested that reconsideration of ECF No. 13 and all further Rule 65 matters be left to the reassigned judge. ECF No. 16 at 1-8. Its supporting appendix was filed as ECF No. 16-2.

This motion relies on ECF No. 16 - not on an independent repetition of its evidentiary allegations - to preserve the disqualification issue. Plaintiff requests that no merits ruling on reconsideration issue until ECF No. 16 is resolved. If disqualification is granted, the successor judge should decide this motion and the pending Rule 65 matters. Filing now preserves the time-sensitive request and places the notice correction before the Court without waiving any issue raised in ECF No. 16.

## CONCLUSION

ECF No. 3 twice stated that Plaintiff sought noticed relief, the August 16 transmission now documents actual written notice and an opportunity to respond, and ECF Nos. 4 and 7 addressed the four injunction factors with sworn evidence. Plaintiff respectfully requests resolution of ECF No. 16 first, followed by reconsideration of ECF No. 13 by a non-conflicted judge, an expedited response, and prompt adversarial review before August 24, 2026.

Dated: August 17, 2026

Respectfully submitted,

/s/ Samuel Randles
**Samuel Randles, Pro Se**
5001 SH-114E, Apt. 1313
Roanoke, Texas 76262
Telephone: 214-250-6187
Email: randles.sam@gmail.com

## CERTIFICATE OF CONFERENCE

At 4:02 p.m. on August 16, 2026, Plaintiff transmitted ECF Nos. 1 and 3-7 to EMSISD, Defendants Grady and Lance, and EMSISD's known outside-counsel contact. Plaintiff requested each Defendant's position on the Rule 65 relief and identification of counsel authorized to respond. No Defendant has appeared through counsel, and no recipient had communicated agreement to the requested relief as of filing. A completed conference was therefore not reasonably possible. This motion should be treated as opposed under Local Civil Rule 7.1(b)(3).

## NOTICE AND SERVICE STATUS

The August 16 transmission documented at Appendix pages 2-3 provided actual written notice of ECF Nos. 1 and 3-7. After this motion is filed, Plaintiff will promptly transmit the docket-stamped motion and brief, proposed order, and appendix to the same recipients. Defendants have not appeared, and formal Rule 4 service of the summons and complaint remains separate.

Plaintiff will comply with Rule 5 by an authorized method and file any certificate required by Rule 5(d)(1)(B).

**DECLARATION REGARDING RULE 65 NOTICE**

I declare under penalty of perjury that at 4:02 p.m. on August 16, 2026, I transmitted by email true and correct docket-stamped copies of ECF Nos. 1 and 3-7 to the recipients and addresses shown in Appendix pages 2-3. The transmission requested confirmation of receipt, requested each Defendant's position, invited opposition, and stated that Rule 4 service would proceed separately. The attached email record is a true and correct copy of that transmission.

Executed on August 17, 2026, in Roanoke, Texas.

/s/ Samuel Randles
Samuel Randles