**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

SAMUEL RANDLES,

Plaintiff,

v.

**Civil Action No. 4:26-cv-00999-O-BP**

EAGLE MOUNTAIN-SAGINAW INDEPENDENT SCHOOL DISTRICT; JON GRADY; and LARRY LANCE,

Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE APPENDIX AT ECF NO. 7, TO FILE DOCUMENTARY EXHIBITS UNDER SEAL, AND TO LODGE NON-DOCUMENTARY EXHIBITS UNDER SEAL, AND BRIEF IN SUPPORT**

**USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

This motion and brief were prepared with assistance from a generative artificial intelligence tool. Plaintiff reviewed the cited record and authorities and accepts responsibility for the filing's accuracy and contents.

**RELIEF REQUESTED**

1. Plaintiff Samuel Randles moves for leave to file the accompanying sealed Supplemental Appendix in support of his pending Motion for Preliminary Injunction (ECF No. 5) and supporting brief (ECF No. 6). The supplement contains six non-documentary media files comprising Exhibits C through G, four corresponding affidavit-and-transcript PDF files designated C-T, D-T, E-T, and G-T, and documentary Exhibits H and I. Plaintiff will simultaneously deliver one sealed USB flash drive containing all twelve exhibit files: C, C-T, D-O, D-R, D-T, E, E-T, F, G, G-T, H, and I. The drive will be enclosed in a sealed 9-by-12-inch envelope identified as Supplemental Appendix page 1. The documentary PDF files are also reproduced in the consecutively numbered electronic appendix beginning at page 2.

2. Plaintiff requests that the clerk lodge and docket the sealed envelope as the physical portion of the proposed supplemental appendix, that the Court consider the materials with ECF Nos. 5 through 7, and that the Court maintain the supplemental appendix and USB drive under seal because the recordings and transcripts contain the name of a minor and the original arrest recording depicts nonparty children.

**BACKGROUND**

3. ECF No. 5 seeks preliminary relief from the continued administration and enforcement of the August 8, 2024 EMSISD criminal-trespass warning. ECF No. 6 relies on an asserted continuing restriction, police-controlled access to District property, the August 2024 arrest, and the August 2026 use of force. The original appendix, ECF No. 7, contains Plaintiff's declaration, the warning, and Captain Jon Grady's August 10, 2026 email.

4. The proposed supplement provides the recordings underlying several of those assertions, full affidavit-and-transcript files that permit efficient review and pinpoint citation, and two authenticated documentary exhibits concerning the August 15, 2024 school-campus service event. The transcripts are offered as reading aids; the recordings remain the primary evidence of their audiovisual content. Plaintiff's supplemental declaration authenticates the recordings and identifies the limited visual redaction in Exhibit D-R. Supp. App. 3-4.

**AUTHORITY**

5. Local Civil Rule 7.1(i)(1) requires a party who relies on documentary or non-documentary materials to support a motion to include them in an appendix. The appendix must be self-contained and separate from the motion and brief. N.D. Tex. L.R. 7.1(i)(2). Non-documentary materials must be placed in a 9-by-12-inch envelope, and the envelope must

be numbered as one appendix page. Id. 7.1(i)(3)-(4). Local Civil Rule 7.2(e) requires the brief to cite the appendix pages supporting each evidentiary assertion.

6. Section III.D of the Court's ECF Administrative Procedures Manual directs a filer who cannot electronically file a non-documentary object because of its character to submit it to the clerk. The clerk then enters a text-only docket event describing the object.

7. Federal Rule of Civil Procedure 5.2(a)(3) limits a public filing to a minor's initials. Rules 5.2(d) and (f) permit an unredacted filing under seal. Local Civil Rule 79.3(a) likewise permits sealed filing when a federal rule authorizes it. The public motion uses initials; the requested seal is confined to the evidentiary supplement and the media envelope.

## ARGUMENT

### I THE MATERIALS DIRECTLY SUPPORT THE PENDING RULE 65 MOTION

8. Exhibit C is Plaintiff's July 22, 2024 school-board recording. It records Principal Darius Flowers publicly describing F.A.R.'s PTA Reflections entry and award. Exhibit C-T is the full sworn authentication and certified transcript. Supp. App. 5-11. The recording supplies context for Plaintiff's requests for the PTA recording and his asserted interest in Board participation and educational records.

9. Exhibit D concerns the August 8, 2024 arrest at Greenfield Elementary. Exhibit D-R is the viewing copy in which nonparty children are visually blurred and the audio is unchanged. Exhibit D-O is the preserved original submitted only under seal. Exhibit D-T is the full sworn authentication and certified transcript. Supp. App. 12-38. The recording documents Plaintiff's request for the PTA recording, Flowers's responses, Lance's direction to leave, the arrest, and Lance's reliance on criminal trespass. See Supp. App. 16-28. The sworn

authentication identifies the event as August 8, 2024; an isolated title-page notation of 8/8/25 does not alter the authenticated event date. Supp. App. 13-16.

10. Exhibit E is Plaintiff's August 15, 2024 recording of Travis Parmer approaching during school pickup while accompanied by Lance and another EMSISD officer, identifying himself as a functionary of the court, and delivering papers from Plaintiff's former spouse's family case. Exhibit E-T is the full sworn authentication and certified transcript. Supp. App. 39-45. Documentary Exhibit H identifies Travis Parmer as the brother and business associate of opposing counsel Elizabeth 'Betsy' Parmer. Supp. App. 68-80. Exhibit I authenticates Principal Flowers's same-day email and schoolwide-hold notice describing the campus response during dismissal. Supp. App. 81-86. Together, these materials document the recurring relationship among the District, Greenfield Elementary, Plaintiff's former spouse's litigation representatives, and the family proceeding.

11. Exhibit F is Plaintiff's August 11, 2026 audio recording of his encounter with Lance at Greenfield Elementary. Plaintiff declares that the recording captures the enforcement of the 2024 warning, Lance's use of a Taser, reliance on criminal trespass and Texas Penal Code section 30.05, and no separate basis stated under Texas Education Code section 37.105. Supp. App. 1, 4, 46. No transcript of Exhibit F is presently available, so Plaintiff submits the recording itself and does not represent that a transcript has been included.

12. Exhibit G is Plaintiff's August 15, 2024 audio recording of his telephone conversation with Captain Grady and is submitted on the sealed USB drive. Exhibit G-T is the full sworn authentication and certified transcript. Supp. App. 1, 47-67. The recording captures Grady's statements concerning a District-wide property restriction, an officer-escort arrangement, and Plaintiff's ability to update emergency-contact information and access school property.

See Supp. App. 50-54, 60-63. Those statements bear directly on the asserted policy, its administration, and the scope of prospective relief requested in ECF No. 5.

## II RELATED-CASE CONTEXT AND EXPRESS PRESERVATION

13. Plaintiff's Amended Notice of Related Case (ECF No. 15) identifies the family matter in which the served papers originated and states that the matter was originally assigned to Judge Jesus 'Jesse' Nevarez, Jr. Plaintiff alleges that EMSISD personnel, including Lance, supplied materially false accounts in state-court testimony or submissions concerning the school events. Plaintiff further alleges that Elizabeth 'Betsy' Parmer, opposing counsel in the family matter and Travis Parmer's sister and business associate, represented Judge Nevarez in connection with sexual-harassment allegations made by his former Associate Judge Lindsay DeVos. These asserted relationships and conflicts are identified to give the Court complete context and preserve the record.

14. This limited motion preserves the evidence, notice, relationships, and Plaintiff's ability to seek leave to support Plaintiff’s arguments, theories, and allegations in an amended pleading or to reference the evidence in a separate action. Plaintiff does not concede irrelevance, waive any objection to the adverse accounts, accept the validity of the service conduct, or abandon any claim or remedy.

## III THE REQUEST DOES NOT ALTER THE PLEADINGS OR THE DISCOVERY STAY

15. ECF No. 23 withholds service during screening, bars amendments or supplements to the complaint without approval, and stays discovery. This motion does not amend the complaint, add a party or claim, or request discovery. It asks only to supplement the evidentiary appendix supporting a motion already pending before the screening order.

16. The materials also do not enlarge the relief requested in ECF No. 5. They corroborate the already-pleaded sequence and permit the Court to evaluate the recordings rather than rely solely on descriptions of them. Any question of admissibility or weight remains for the Court.

## IV LIMITED SEALING PROTECTS MINORS WHILE PRESERVING THE EVIDENCE

17. Exhibits C, D, E, H, and I (and their transcripts) contain F.A.R.'s and R.T.R.'s name. Exhibit D-O also depicts other children. Exhibit D-R removes their visual images, but its audio is unchanged. Filing the evidentiary supplement and media envelope under seal allows the Court to review the evidence without placing minor identifiers or images in the public record. The public motion identifies the children only by initials. If the Court requires a narrower public version, Plaintiff requests leave to file one in the form directed by the Court.

## CONCLUSION

Plaintiff respectfully requests leave to file the sealed Supplemental Appendix, submit the USB flash drive in the sealed envelope designated Supplemental Appendix page 1, and have Exhibits C through I considered with ECF Nos. 5 through 7.

Dated: September 8, 2026

Respectfully submitted,

/s/ Samuel Randles Sam Randles
Samuel Randles, Pro Se
2915 Beau Drive
Mesquite, Texas 75181
Telephone: 214-250-6187
Email: randles.sam@gmail.com

## CERTIFICATE OF CONFERENCE

As of September 8, 2026, service of process remained withheld under ECF No. 23 and no Defendant had appeared through counsel. A conference was therefore not reasonably possible. Under Local Civil Rule 7.1(b)(3), the motion should be presumed opposed.

## NOTICE AND SERVICE STATUS

Defendants have not appeared, and ECF No. 23 withholds service pending judicial screening. Plaintiff will serve the filing as required after process issues or as otherwise directed by the Court.