**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| SAMUEL RANDLES, | § | CIVIL ACTION NO. |
| | § | |
| Plaintiff, | § | 4:26-cv-00999-O-BP |
| | § | |
| v. | § | |
| | § | |
| EAGLE MOUNTAIN-SAGINAW | § | |
| INDEPENDENT SCHOOL DISTRICT, et al., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

# PLAINTIFF'S NOTICE OF NEWLY DISCOVERED FACTS, REQUEST FOR ON-RECORD DISCLOSURE, AND MOTION TO RECUSE CHIEF JUDGE REED O'CONNOR AND MAGISTRATE JUDGE HAL R. RAY, JR.

## USE OF GENERATIVE SUPER INTELIGENCE

This brief was prepared using Super Intelligence (SI), a computer tool within Northern District of Texas Local Civil Rule 7.2(f)(2). Plaintiff reviewed the record and authorities and accepts responsibility for this filing.

## SUMMARY AND RELIEF REQUESTED

1. ECF No. 33 connects this action to Defendant Larry Wayne Lance's 2002-2003 force prosecutions, his credibility and disciplinary record, Plaintiff's pending Tarrant County prosecutions, and the claims awaiting screening here. (Exs. R-T, APP-53-69.) Plaintiff separately moves to recuse Chief Judge Reed O'Connor and Magistrate Judge Hal R. Ray, Jr. under 28 U.S.C. § 455(a). If either declines, Plaintiff requests the disclosures directed to that officer be put on the record before further screening and fourteen days to supplement.

**THE LANCE RECORD AND THE PRESENT EVIDENTIARY CHAIN**

2. Lance is a Defendant and central witness. His account supplies the asserted detention predicate in Cause 1934985 and supports the connected trespass prosecution. (Ex. R, APP-53-55.) Plaintiff alleges that the 2024 body-camera and 2026 audio recordings contradict Lance's reports, perceptions, and force. (Exs. R, V, APP-54-55, APP-74-75.) His historical files therefore bear on credibility, employer notice, and officer-witness sponsorship. (Exs. S-T, APP-57-69.)

3. Causes 0848894 and 0848896 arose after Lance, then an FWPD officer, struck Michael Moreno and seventeen-year-old Christopher Dodd with an ASP baton, causing injuries requiring stitches. (Exs. S, T, U, APP-57-58, APP-68, APP-72.) The files document a temporary suspension, Internal Affairs investigation, prior discipline identified by the State, Lance's use of Prozac during the prosecution, and ride-along Officer Michael Johnson's grand-jury testimony and expected State testimony. (Ex. S, APP-61-64.) Judge Sharen Wilson presided; Greg Westfall and H.F.R. Hagen defended Lance. (Ex. S, APP-57, APP-64-66.) A jury acquitted Lance in the Dodd cause; the State dismissed the Moreno cause for prosecutorial discretion. (Exs. S-T, APP-57, APP-69.) Greg Westfall's spouse, Mollee Westfall, was then a prosecutor and later a district judge in Tarrant County. (Ex. U, APP-71.)

4. Plaintiff's defense in Cause 1934985 identifies an alleged method, not propensity: Lance converts an untested perception into authority, and the resulting confrontation supplies detention, force, arrest, or prosecution. (Ex. R, APP-53-55.) The 2003 charge turned on Lance's asserted reasonable belief; present recordings permit that predicate to be tested. (Exs. R, S, APP-54-55, APP-59-60.) The comparison makes the credibility system, Lance's status within it, and the prosecution office's knowledge discoverable.

## CHIEF JUDGE O'CONNOR

5. A Texas Judicial Branch report identified Tarrant County's 'pink list' as a do-not-sponsor list for officers whose discipline kept prosecutors from placing them on the stand. Timothy Cole Exoneration Review Commission, Improving Discovery: After the Michael Morton Act 12-13 (2015). (Ex. Q, APP-50-51.) It became public while Wilson served as Criminal District Attorney after presiding over Lance's prosecution. (Exs. Q, S, APP-50-51, APP-57.) Plaintiff's investigation places the predecessor practice in misdemeanor prosecution during 1994-1998. Its authors, records, and application to Lance are now material.

6. Judge O'Connor served as a Tarrant County assistant district attorney from 1994 through 1998 and has been described as a misdemeanor and felony prosecutor. (Ex. A, APP-6-7.) United States v. Bethurum records his testimony about that office's misdemeanor practices. 213 F. Supp. 2d 679, 683 (N.D. Tex. 2002). Phil Sorrells overlapped his tenure working for the District Attorney, and now Sorrells directs the office prosecuting Plaintiff. (Ex. B, APP-9.) The map also reaches Wilson (Ex. S, APP-57, APP-61, APP-64-66); Judge William Knight, a former Tarrant County office prosecutor under Wilson, now acts as presiding Judge over Cause 1918605 and 1934985; Defense attorney Greg Westfall is married to former Tarrant Judge Mollee Westfall (Ex. U, APP-71-72); Officer Johnson (Ex. S, APP-64-66); Officer Lance (Exs. S-T, APP-57-69); and school-police officers Jon Grady (former FWPD) (Exs. R, V, APP-54-55, APP-74-75), Charles Ramirez (former FWPD), and Charles Allain (former Parker County Sheriff's Office. Judge O'Connor's knowledge, records, communications, and ability to identify or authenticate the 'pink list' system, and any individuals identified or not identified on the list, must be preserved before screening. (Exs. A, Q, APP-6-7, APP-50-51.)

**MAGISTRATE JUDGE RAY**

7. A 2010 Form 990-PF lists Judge Hal R. Ray, Jr. as first vice president of the Masonic Temple Library & Museum of Fort Worth. Ex. C, APP-11-12. Records identify Second Court Justice D. Michael Wallach's Masonic and Shriners leadership. Exs. D, M, APP-14, APP-41-42. Staff attorney Robley Evans Sicard's service overlapped Wallach's tenure, and family records identify her as 8th Administrative Judicial Region Judge David L. Evans's daughter. Exs. G-H, L, APP-21-22, APP-24-25, APP-37-39. Evans is a defendant in Randles v. Blacklock, No. 4:25-cv-01422-O. The similar material conflict with Evans in the related case that is pending appeal in the 5th Circuit has resulted in the recusal of Northern District Judge Mark Pittman in this case. The Second Court entered two en banc denials in Plaintiff's proceedings while Wallach sat on that court. Exs. N-O, APP-44, APP-46. ECF No. 31 places Plaintiff's Christian exercise and viewpoint at issue. (Ex. V, APP-74-75.) Plaintiff contends Masonic beliefs are at odds with Christian and Conservative viewpoints represented in this cause (specifically the pluralistic deity belief that any god may be of a higher power, not simply the Christian God Yah-weh, Jesus Christ, and the Holy Spirit), and that those beliefs create bias toward Plaintiff. Plaintiff also believes Masons hold Unconstitutional and Non-Christian beliefs that do not allow challenging judicial authority with protected Constitutional claims or determination of proper statutory authority derived from the Constitution, and therefore Judge Ray cannot reasonably sit in this matter involving the protection of a Christian parent's rights and the alleged felonious misconduct of Tarrant County authorities in this and related cases. Judge Ray's present relationships within this chain require disclosure. Plaintiff believes that, should Ray attempt to continue to preside, the question will turn away from the merits of the case and turn significantly

more toward conflicting relationships and proving the validity of Plaintiff's protected viewpoint, best described as 'One Nation Under God', not one nation under any god(s).

8. The Grand Lodge of Texas's own published description supplies the relevant facts. It states that Masonry requires a "belief in God and in life after death"; describes three biblically based degrees, ritual, required catechism, and an open 'Holy Bible' upon the lodge altar (Plaintiff contends he has historical knowledge that this Bible is a Mason-explicit Bible and is a 'Holy Bible' in label-only, unlike the Bibles used in the Christian Church and the contents are not the same); and identifies the candidate's obligation as an "oath" concerning his "Masonic duty." Ex. E, APP-17. The same publication describes degree fees and yearly dues paid by each member to his lodge. Ex. E, APP-19. These are the Grand Lodge's stated beliefs, practices, obligations, and continuing incidents of membership—not characterizations supplied by Plaintiff.

9. The Grand Lodge declares that "Masonry is not a religion," but its own description places Masonry's influence beside that of the church and states that the lodge should take its place "right alongside of the church." Ex. E, APP-17–18. Plaintiff maintains that an organization's religious character is determined by what it requires, teaches, practices, and obligates its adherents to do—not merely by the label it selects for itself. An organization that prescribes belief concerning God and life after death, teaches through 'biblically' based degrees and catechism, conducts ritual before a 'Bible' upon an altar, and binds adherents by oath proves it exercises religious authority and not as a unique civic organization.

**RECUSAL AND DISCLOSURE**

8. Section 455(a) requires disqualification whenever impartiality might reasonably be questioned. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860-61 (1988). Section

455(b)(1) addresses personal knowledge of disputed evidentiary facts, and Federal Rule of Evidence 605 prohibits the presiding judge from testifying. In the magistrate-consent context, the Fifth Circuit requires actual knowledge of the nature and extent of a judicial relationship before consent can be informed. IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal District, No. 24-30552, slip op. at 9-12 (5th Cir. Sept. 8, 2026).

9. The O'Connor issue is evidence-specific. Screening turns on Lance's credibility and officer-sponsorship records, while the same inquiry reaches a practice originating during Judge O'Connor's tenure and may require his records, authentication, or testimony. (Exs. A, Q-T, APP-6-7, APP-51, APP-54-69.) The Ray issue is separately cumulative: Christian free exercise and viewpoint discrimination are before an officer with documented Masonic leadership, and the connected record reaches Wallach, the Second Court, Sicard, and Evans. (Exs. C-O, V, APP-11-14, APP-16-19, APP-21-25, APP-27, APP-29, APP-31-35, APP-37-46, APP-74-75.) Neither officer should screen the claims before his evidence and relationships are resolved.

**REQUESTED ON-RECORD DISCLOSURES**

10. If Chief Judge O'Connor does not recuse, Plaintiff requests an on-record response addressing:

a. the creation, criteria, custodians, and records of any officer-credibility, Brady/Giglio, do-not-sponsor, 'pink list,' or predecessor practice used during 1994-1998; Judge O'Connor's role; and any material he created, received, maintained, or can authenticate;

b. whether Lance, Johnson, Grady, Ramirez, or Allain was known, evaluated, restricted, disclosed, or sponsored through that practice, and Judge O'Connor's knowledge of Lance's prosecutions, discipline, or witness use;

c. any material relationship or communication with Sorrells, Wilson, Knight, Lance, Johnson, Grady, Ramirez, Allain, Greg Westfall, or Mollee Westfall; and

d. any related off-docket communication or knowledge that may make Judge O'Connor a fact or authentication witness.

11. If Magistrate Judge Ray does not recuse, Plaintiff requests an on-record response addressing:

a. his present or former Masonic membership; every office, fiduciary duty, degree, ritual obligation, oath, secrecy obligation, Masonic duty, yearly-dues obligation, or other continuing commitment; and whether any such obligation remains in force;

b. any personal, professional, judicial, or Masonic relationship with Wallach, Sicard, or Evans;

c. any off-docket communication from those persons or a Masonic officer concerning Plaintiff or the related proceedings; and

d. whether any present Masonic obligation, loyalty, duty, belief, or relationship bears upon Plaintiff's Christian free-exercise and viewpoint claims, or may conflict with or reasonably call into question the impartial performance of the federal judicial oath required by 28 U.S.C. §§ 453 and 631(g).

12. Plaintiff requests resolution before further substantive action. If either request is denied, that officer should answer only the disclosures directed to him, with fourteen days afterward to supplement. Plaintiff offers no waiver under § 455(e).

## PRAYER

Plaintiff requests that Chief Judge O'Connor and Magistrate Judge Ray each recuse and that the case be reassigned. Alternatively, Plaintiff requests the disclosures directed to each officer, fourteen days to supplement, and no substantive action until recusal is resolved.

Dated: October 22, 2026

Respectfully submitted,

/s/ Samuel Christopher Randles
Sam Randles
**SAMUEL CHRISTOPHER RANDLES**
Plaintiff, Pro Se
2915 Beau Drive
Mesquite, Texas 75181
(214) 250-6187
Facsimile: None
randles.sam@gmail.com
Bar Number: N/A (Pro Se)

## CERTIFICATE OF CONFERENCE

Service remains withheld under ECF No. 23, no Defendant has appeared, and no attorney exists with whom Plaintiff could confer. A conference was therefore not possible. Under Local Civil Rule 7.1(b)(3), the motion is presumed opposed.