**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| SAMUEL RANDLES, | § | **CIVIL ACTION NO.** |
| | § | |
| Plaintiff, | § | **4:26-cv-00999-O-BP** |
| | § | |
| v. | § | |
| | § | |
| EAGLE MOUNTAIN-SAGINAW INDEPENDENT SCHOOL DISTRICT, et al., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S NOTICE OF PENDING TIME SENSITIVE MATTERS AND REQUEST FOR PROMPT RULINGS

### NOTICE AND REQUEST FOR PROMPT DISPOSITION

1. Plaintiff gives notice that several matters remain pending while the challenged criminal-trespass warning continues to restrict access to Eagle Mountain-Saginaw Independent School District property and activities. Plaintiff requests a prompt, sequenced resolution: first ECF No. 34, which asks both assigned judicial officers to recuse or make specified disclosures before further substantive action; then the pending Rule 65 and related matters; and then screening of the operative complaint at ECF No. 31. If the Court determines that updated evidence is necessary to resolve the pending preliminary-relief request, Plaintiff stands prepared to provide a limited supplemental declaration or brief as directed by the Court.

2. This notice also preserves the chronology pleaded in ECF No. 31 paragraphs 118-122: the warning remains unrescinded; Plaintiff filed this action and supplied direct notice; and later charging and family-production events followed. That chronology is relevant to the pleaded retaliation claims. The present point is the practical effect: the recusal request has become the threshold issue, preliminary relief loses value as recurring events pass, service remains withheld, discovery remains stayed, and no Defendant has been required to appear or respond.

3. Plaintiff files this Notice to advise the Court of the present status and time-sensitive effect of matters already submitted for decision. Plaintiff respectfully requests prompt rulings on

ECF Nos. 34, 5, 17, and 25. This Notice seeks no new substantive relief and does not amend the relief requested in those filings. It requests only timely disposition of matters already pending before the Court.

**PENDING MATTERS AND ELAPSED TIME**

4. ECF No. 34 has been pending since October 22, 2026. It requests recusal under 28 U.S.C. § 455(a), or alternatively specified on-record disclosures and fourteen days to supplement, and asks that no further substantive action occur until recusal is resolved. Because that filing expressly places judicial participation before the merits, Plaintiff respectfully requests that ECF No. 34 be resolved first.

5. ECF No. 5, filed August 13, 2026, has been pending for seventy-six days. It seeks a preliminary injunction, expedited Rule 65 discovery, and an expedited hearing concerning continued administration and enforcement of the August 8, 2024 criminal-trespass warning. ECF Nos. 6 and 7 supply the supporting brief and sworn appendix. The Court denied the separate temporary-restraining-order request at ECF No. 3, but ECF No. 13 did not dispose of ECF No. 5.

6. ECF No. 17, filed August 17, 2026, has been pending for seventy-two days. It asks the Court to reconsider ECF No. 13 because ECF No. 3 expressly sought noticed rather than ex parte relief, documents the August 16 transmission of the Rule 65 papers, and asks the Court to preserve ECF No. 5 for prompt adversarial determination. Although the August 24 meeting identified in that filing has passed, the requested preliminary injunction addressed an asserted continuing District-wide restriction rather than a single meeting alone.

7. ECF No. 25, filed September 8, 2026, has been pending for fifty days. It seeks leave to supplement ECF No. 7 with the recordings, transcripts, and documentary exhibits lodged at ECF Nos. 26 through 28. ECF No. 25 explains that those materials bear directly on the current scope and enforcement of the warning, the August 2024 arrest, the August 2026 use of force, and the requested prospective relief.

8. ECF No. 31 has been the operative verified complaint since October 13, 2026. ECF No. 23 withholds service pending screening under 28 U.S.C. § 1915(e)(2), stays discovery, and leaves Defendants outside an adversarial schedule. No later order in the record presently available to Plaintiff completes screening, directs service, lifts the discovery stay, or resolves ECF Nos. 5, 17, or 25.

## CONTINUING NEED FOR PRELIMINARY RELIEF

9. The Rule 65 record describes a restriction that continues until written rescission, Captain Grady's August 10 statement that the warning remained active, enforcement by Defendant Lance on August 11, and Plaintiff's intent to attend recurring Board meetings and parent activities. ECF No. 17 at 4-5; ECF No. 25 at 1, 3-5. EMSISD presently publishes November 16, 2026, at 5:00 p.m. as its next regular Board meeting and requires a person seeking to speak to appear in person to register. EMSISD, Board Meeting Dates, https://www.emsisd.com/about-ems-isd/board-of-education/board-meeting-dates (last visited Oct. 28, 2026). The next identified event therefore supplies a concrete date by which preliminary relief, or at least an adversarial schedule, would remain practically meaningful.

10. The timing of preliminary relief is contextual because its purpose is to preserve the opportunity for effective permanent relief. In re Fort Worth Chamber of Commerce, 100 F.4th 528, 534-35 (5th Cir. 2024). Plaintiff identifies the November 16 meeting, the asserted continuing warning, and the record of recent enforcement to make the basis for urgency specific. Plaintiff does not demand a ruling on an artificial timetable. He requests action soon enough to permit a ruling or an orderly response and hearing process before another recurring event passes.

## REQUESTED SEQUENCE

11. Plaintiff respectfully requests that the Court promptly resolve ECF No. 34. If recusal is denied, Plaintiff requests the disclosures directed to each judicial officer and the fourteen-day

supplementation period requested in ECF No. 34. If recusal is granted, Plaintiff requests prompt reassignment under the Court's regular procedures.

12. After ECF No. 34 is resolved, Plaintiff respectfully requests prompt disposition of the matters already pending before the proper judicial officer, including ECF No. 25, ECF No. 17 and the underlying preliminary-injunction request at ECF No. 5, and the screening of the operative complaint at ECF No. 31.

## PRAYER

Plaintiff therefore gives notice of the foregoing pending matters and respectfully requests their prompt disposition, with ECF No. 34 addressed first as requested in that filing. The pending preliminary-injunction proceedings are time-sensitive because the asserted restriction remains in effect and the next identified regular Board meeting is November 16, 2026. Plaintiff requests rulings sufficiently promptly to preserve meaningful judicial review of the relief already requested.

Dated: October 28, 2026

Respectfully submitted,

/s/ Samuel Christopher Randles
**SAMUEL CHRISTOPHER RANDLES**
Plaintiff, Pro Se
2915 Beau Drive
Mesquite, Texas 75181
(214) 250-6187
Facsimile: None
randles.sam@gmail.com
Bar Number: N/A (Pro Se)

## CERTIFICATE OF CONFERENCE

Service remains withheld under ECF No. 23, no Defendant has appeared, and no attorney has appeared with whom Plaintiff could confer concerning the pending matters identified in this Notice. A conference was therefore not possible.